UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSS IVAN SOMMERS,

        Plaintiff,

v.

D. SILVA, et al.,

        Defendants.

No. C 15-1688 EDL (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at Correctional Training Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1] He has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is DISMISSED.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 1 at 4.)

grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff states he was unable to urinate for a random urination test due to a physical problem. Plaintiff requested to be given a blood test as an alternative, but prison officials refused to accept that alternative. Plaintiff alleges that his right to due process was violated, and that the applicable California Code of Regulations sections are unconstitutional.

Plaintiff has previously filed a civil rights case in this court in *Sommers v. Im*, No. 15-1047 EDL (N.D. Cal. filed March 6, 2015) ("*Sommers I*"). In *Sommers I*, plaintiff names some of the defendants named in the underlying case, and alleges the same general facts, although in more detail, as he does here. On July 16, 2015, the court screened *Sommers I*, and dismissed the complaint with leave to amend. Plaintiff's amended complaint in *Sommers I* is currently due on August 13, 2015.

Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats pending or previously

litigated claims may be considered abusive and dismissed under Section 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey*, 846 F.2d at 1021). An in forma pauperis complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative. *Id.*; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the "comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692-93, 694 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Plaintiff's underlying case is duplicative of *Sommers I* because the two suits arise out of the same transactional nucleus of fact, and defendants in both cases are parties or privies to the action. *See Adams*, 487 F.3d at 689. As plaintiff's case is duplicative of *Sommers I*, which is currently pending before this court, the instant action will be dismissed.

## CONCLUSION

The complaint is DISMISSED as duplicative. The clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: August  5 , 2015.

ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Sommers688dis.wpd